# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>JEFF S. BRANSON,<br><br>    Defendant. | Case No. 08-cr-0001 TAG<br><br>MEMORANDUM DECISION<br>AND ORDER |

Defendant Jeff S. Branson ("Defendant") was charged with creating a hazard or nuisance, in violation of Title 43 Code of Federal Regulations §8365.1-4(a)(2). The Court conducted a court trial regarding Defendant's alleged violation. United States Bureau of Land Management ("BLM") Law Enforcement Ranger Terry Allen appeared for the United States of America (the "Government"). Defendant was represented by Attorney Gregory Mitts. This is the Court's decision after trial in this action.

## **Background**

On November 24, 2007, BLM Ranger Chaidez issued a violation notice alleging that Defendant violated Title 43 Code of Federal Regulations § 8365.1-4(2). Section 8365.1-4(a)(2) states:

> (a) No person shall cause a public disturbance or create a risk to other persons on public lands by engaging in activities which include, but are not limited to, the following:
> . . .

1      (c) Creating a hazard or nuisance
2      . . ..
   43 C. F.R. §8365.1-4(a)(2).

3      The Government alleges that on November 24, 2007, the Defendant discharged a firearm in the Dove Springs Off Highway Vehicle Area, in violation of § 8365.1-4(a)(2).

**Evidence at Trial**

Two witnesses testified at trial: BLM Ranger Chaidez and the Defendant. The Government called Ranger Chaidez as a witness. Ranger Chaidez testified that on November 24, 2007, he responded to a dispatch call on a report that a weapon had been discharged in the Dove Springs area. Four Kern County Deputy Sheriffs, BLM Chief Ranger Lewis, and the Defendant were at the scene when Ranger Chaidez arrived. The Deputy Sheriffs and/or Chief Ranger Lewis identified the Defendant as the subject who discharged a firearm.

Two handguns were taken from the Defendant. According to Ranger Chaidez, one of the guns smelled of fresh gunpowder and had been recently discharged. Ranger Chaidez collected nine shell casings and asked the Defendant if he had been the one who shot the weapon. Ranger Chaidez testified that there were hundreds of campers in the Dove Springs Off Highway Vehicle Area, and that the area consisted of "several thousand acres." Officer Chaidez also testified that target shooting of legally registered weapons is permitted where the Defendant was camping.

The Defendant testified that he was familiar with the Dove Springs area, and had been camping there since he was ten years old. The Defendant testified that on November 24, 2007, he had been camping approximately one-half mile north of the Dove Springs Bowl, and there was a hill in front of his campsite. He testified that at 4:00 p.m. that day, he returned from a trail ride and fired a gun into a three-foot high sand berm that was approximately 40 to 50 yards away from him. The Defendant testified that it was daytime when he fired the weapon and he was confident there would be no ricochets. He testified that he fired six shots into the berm, then closed and locked the gun and put it in his truck. The Defendant testified that afterwards, six intoxicated men came to his campsite, asked him if he had fired a gun, and threatened to beat him up.

///

The Defendant testified that approximately two hours later, Ranger Chaidez and four other officers appeared at his campsite, searched his trailer and truck, and gave him a citation.

### **Analysis**

The Government contends that the Defendant created a hazard or nuisance when he fired a weapon in the Dove Springs Off Highway Vehicle Area. A hazard is a "danger or peril." Black's Law Dictionary (8th ed. 2004). A nuisance is a "condition, activity, or situation that interferes with the use or enjoyment of property." Id.

The evidence established that the Defendant fired a gun in the Dove Springs Off Highway Vehicle Area on November 24, 2007. The remaining issue is whether the Defendant's firing of the gun subjected any person or property to danger or interfered with the use or enjoyment of property, and thereby caused a public disturbance or created a risk to other persons. The evidence presented at trial regarding the area where the gun was discharged established only that the gun was fired in an off highway vehicle area that, according to Ranger Chaidez, consisted of "several thousand acres." The only other evidence presented regarding the vicinity in which the gun was discharged, established that the gun was fired into a three-foot high sand berm located 40 to 50 feet from the Defendant. Other than the Defendant's testimony that there was a hill in front of his campsite, no evidence was presented regarding topography. Most significantly, no evidence was presented regarding the location or proximity of other persons, or any other campsites or trails where other persons were likely to be present when the gun was fired. Although Ranger Chaidez testified that there were hundreds of campers in the Dove Springs Off Highway Vehicle Area, the closest he came to describing the area was that it consisted of several thousand acres. Without more specific evidence regarding proximity, the Court is unable to determine with any reliable degree of certainty whether the Defendant's act of firing a gun into a three foot high sand berm constituted a danger or peril or interfered with the use and enjoyment of property by others.

In sum, based on the evidence submitted, there is insufficient evidence for the Court to conclude beyond a reasonable doubt that the Defendant violated 43 C.F.R. § 8365.1-4(a)(2).

///

**Decision**

Based on on the foregoing, the Court HEREBY RENDERS THE FOLLOWING DECISION:

The Court finds that Defendant, Jeff S. Branson, is not guilty of violating 43 C.F.R. §8365.1-4(a)(2).

IT IS SO ORDERED.

Dated:   **October 3, 2008**             **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE